IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH ROLIN, )
)
    Petitioner, )
)
v. ) Civil Action No. 10-00540-CG-N
)
PAROLE COMMISSION, )
)
    Respondent. )

REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Kenneth Rolin's motion for immediate release pursuant to 28 U.S.C. § 2241 (docs. 1 and 13). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2241 motion, the Government's response in opposition thereto (doc. 11)[1] and petitioner's reply brief (doc. 15), as well as all other pertinent portions of the record, it is the recommendation of the undersigned that petitioner's motion for immediate release be **DENIED** and this action **DISMISSED** for lack of jurisdiction.

    I.    BACKGROUND

    A.    <u>Prior Crimes, Punishments and Parole Issues</u>.

---

[1] The Respondent has moved the Court to accept this response in opposition although it is one day late due to "logistical difficulties." It is **ORDERED** that Respondent's motion for such an extension of time is hereby **GRANTED**.

On April 9, 1984, the petitioner, Kenneth Rolin, was sentenced to fifteen years' incarceration followed by a special parole term of thirty years for unlawful use of dilaudid and unlawful use of a controlled substance (Case No. 83-00098). *See* Sentence Monitoring Computation Data (Doc. 11-1). Petitioner was released on parole on February 13, 1990, with an anticipated full-term date of April 5, 1999. *See* Certificate of Parole dated February 13. 1990 (Doc. 11-2). Rolin has, however, had three paroles revoked on his fifteen-year sentence since his original parole. The record reflects that each of the revocations involved findings of new law violations, including third degree assault, drug possession, harassing communication, communicating a threat to kill, and possession of crack cocaine and drug paraphernalia.[2] *See* Notices of Action revoking petitioner's parole dated June 3, 1996, March 12, 1998, and July 23, 2002 (Doc. 11-3). As a result of the violations, petitioner forfeited credit for time spent on parole (i.e., "street time") and did not begin his thirty year special parole term until April 7, 2009. Certificate of Special Parole dated April 7, 2009 (Doc. 11-4).

B.  Current Parole Issues.

On June 11, 2010, a warrant was issued charging petitioner with new law violations, including disorderly conduct and assault occurring on May 23, 2009, resulting in a conviction and battery first degree and assault on February 2, 2010 and petitioner being held in custody from April 1 to April 5, 2010. (Doc. 5 at 3-4). The warrant was

---

[2] The Respondent reports that, although the Commission's warrant on December 4, 1995, also charged new law violations of attempted murder, assault with intent to inflict serious injury, reckless endangerment, unlawful possession of a firearm, no findings were made by the Commission against petitioner on these charges. Opposition Brief (Doc. 11) at n. 2.

executed on June 29, 2010 (doc. 5 at 2), and on the following day, June 30, 2010, the United States Probation Office conducted a probable cause hearing for the Commission. *See* Summary Report (Doc. 11-6).

According to the respondent, the Commission notified the U.S. Marshal's Service and the U.S. Bureau of Prisons ("BOP") on August 9, 2010 about the probable cause determination and requested that petitioner be moved to a BOP facility for his revocation hearing. *See* Doc. 11-7. The Commission's request was not granted prior to the filing of Rolin's § 2241 petition for release on October 4, 2010, at which time petitioner was incarcerated at the Escambia County Jail. Rolin has named only the Parole Commission as the respondent in this case and service was thus made solely on the U.S. Parole Commission. *See* Doc. 6 (U.S. Attorney served on 11/20/2010).

On November 23, 2010, the Commission was advised that petitioner had been designated "to Oklahoma FTC for his revocation hearing on 8-17-10 but was still in [the U.S. Marshals Service] custody." (Doc. 11-8 at 2). The Commission was subsequently advised that petitioner would be transferred in December but a specific date for the air lift could not be given. (Doc. 11-8 at 4). The Commission filed its response (doc. 11) to Rolin's § 2241 petition on December 1, 2010.[3] It is now apparent, pursuant to petitioner's notice of change of address (doc. 16) docketed on December 28, 2010, that

---

[3] The Commission's response contains a motion (doc. 11) to accept this brief which was one day late. It is **ORDERED** that the Commission's motion is hereby **GRANTED** and the brief accepted as timely filed.

3

he has arrived at Oklahoma FTC.[4] The Court has received no information that a revocation hearing has either taken place or even been scheduled to take place.

## II. ANALYSIS

### A. Habeas Petition - § 2241.

#### (1) Proper Respondent.

The Commission first argues that it is not the proper respondent in this case and that "[t]he only proper respondent to an incarcerated person's petition for habeas corpus is petitioner's warden." Response (Doc. 11) at 3, *citing* Wales v. Whitney, 114 U.S. 564, 574 (1885) ( the "person having custody of the person detained" traditionally means the prisoner's immediate custodian); Ryan v. United States, 547 F.2d 426 (8th Cir. 1977) (warden is custodian of a prisoner, for purposes of habeas corpus litigation). The Commission contends that, as petitioner is not in the physical custody of the Commission, his habeas claim should be dismissed or, in the alternative, petitioner's Bureau of Prisons warden should be substituted for the Parole Commission as respondent. *Id*. at 3-4.

The Commission is correct to the extent that "the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004), *citing, inter alia,* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). "[T]hese

---

[4] A check of the Bureau of Prisons website on February 7, 2011 reflects that petitioner is currently located at "Beaumont LOW FCI". The court has not received notification from petitioner regarding this change, however.

provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id*. at 434-35 (emphasis in original), *quoting* Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); and *citing also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody.").[5] Consequently, for purposes of Rolin's habeas petition seeking immediate release from his present physical confinement, Rolin is in the custody of the Oklahoma FTC and the proper respondent is the warden of that federal facility. It is recommended that, in the event Rolin desires to pursue his habeas petition for release, Rolin be granted leave to amend his petition to add the warden of the facility were he is presently incarcerated.[6]

    (2) Jurisdiction.

---

[5] The Supreme Court in Rumsfeld, distinguished Padilla's petition which challenged his "present physical confinement" from the petitions at issue in Braden and Strait v. Laird, 406 U.S. 341 (1972) which challenged essentially a "confinement that would be imposed in the future." Rumsfeld, 542 U.S. at 438-39. In Braden, the petitioner, an Alabama prisoner, was challenging a detainer lodged against him in Kentucky state court and thus "the proper respondent was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged . . . [because] Braden 'was in the custody of Kentucky officials for purposes of his habeas corpus action'." Rumsfeld, 542 U.S. at 438, *quoting* Braden, 410 U.S. at 494-95. Strait involved an inactive reservist domiciled in California who filed a § 2241 petition seeking relief from his military obligations and not challenging any present physical confinement, which resulted in a determination that petitioner's commanding officer was his "nominal" custodian with respect to the "custody" being challenged. Rumsfeld, 542 U.S. at 438-39, *quoting* Strait, 406 U.S. at 344.

[6] As stated previously, the Bureau of Prisons website reflected on February 7, 2011 that petitioner is currently located at "Beaumont LOW FCI". However, the petitioner last advised the Court on December 28, 2010 (doc. 16) that his address at that time was Oklahoma FTC.

5

If Rolin had filed his § 2241 petition in this Court *after* his transfer to the Oklahoma FTC, there would be no question that this Court lacked subject matter and *in personam* jurisdiction over the warden of the Oklahoma FTC and that Rolin's § 2241 petition would have to be dismissed for want of jurisdiction.[7] There is, however, an exception to that proposition, *albeit* a limited exception, which the undersigned believes is applicable in this case.

The Supreme Court, in Rumsfeld v. Padilla, explained the important proposition that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." 542 U.S. 426, 441 (2004), *citing* Ex Parte Mitsuye Endo, 323 U.S. 283, 306 (1944)(Government's transfer of a Japanese-American citizen interned in California to Utah after her habeas petition was filed held not to divest the California Court of jurisdiction). Although Rolin did not name the proper respondent, the Commission does not argue that his § 2241 habeas petition was not otherwise properly filed in this Court by virtue of its jurisdiction over the institution where Rolin's was then physically incarcerated. The Commission itself has invited this Court, *albeit* alternatively, to simply substitute Rolin's "Bureau of Prisons warden . . . for the Parole Commission as respondent." Response (Doc. 11) at 4. The fact that the Court did not

---

[7] The same would be true if Rolin's petition had been filed after any transfer to Beaumont LOW FTC.

6

make that substitution prior to Rolin's transfer to the Oklahoma FTC is, however, irrelevant because, as the Commission has confirmed, Rolin was "still in [the U.S. Marshals Service] custody" prior to his transfer and at least up to November 23, 2010. (Doc. 11-8 at 2). Consequently, under Padilla, Rolin's transfer to the Oklahoma FTC did not divest this Court of jurisdiction over his § 2241 habeas petition seeking immediate release.[8] Accordingly, it is the recommendation of the undersigned that Rolin be ordered to amend his petition to add the warden where he is presently incarcerated, and thus his present custodian for purposes of his habeas petition seeking immediate release.[9]

(3) Prejudice.

The Commission argues that "[a] parolee charged with violating his parole is not entitled to habeas relief unless he can show both that his revocation hearing has been unreasonably delayed and that he has been prejudiced thereby." Response (Doc. 11) at 4, *citing* Smith v. United States, 577 F.2d 1025, 1028 (5th Cir. 1978); Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981). The Eleventh Circuit in Smith indeed addressed the very issue presented by Rolin in the present case and held as follows:

> The sole issue on this appeal concerns the relief a parolee is entitled to when the United States Parole Commission fails to conduct a final revocation hearing within 90 days of "retaking" the parolee by execution of the parole warrant, as clearly

---

[8] *Cf.* Stokes v. U.S. Parole Commission, 374 F.3d 1235, 1238-39 (D.C. Cir. 2004)(Applied the principle that the District Court retains jurisdiction over a petitioner subsequently moved outside the district court's jurisdiction if such petitioner properly files a petition naming her immediate custodian prior to being moved to another location but found that Stokes filed his petition in the District of Columbia while he was incarcerated in Ohio and that, as a result, "the District Court for the District of Columbia never acquired jurisdiction over his petition.").

[9] *See* n. 6, *supra*.

> required by statute. 18 U.S.C.A. s 4214(c). Under the circumstances of this case, where no intentional violation of the statute appears, the parolee did not demand a hearing until after the 90-day period had run, he was given a hearing on the 110th day and showed no prejudice from the delay, and where the revocation resulted from a conviction of an offense committed while on parole, we affirm the denial of habeas corpus relief by the district court. In this case of first impression under the present Act, therefore, we apply the same rule of required prejudice that this and several other circuits had previously applied to the "reasonable time" requirement in effect before Congress adopted the 90-day rule in 1976.

577 F.2d at 1026, *citing* 18 U.S.C. § 4214(c).[10] The Eleventh Circuit employed a "two-step inquiry" to determine if a parolee is entitled to relief: (1) whether the delay is unreasonable based upon all of the circumstances; and (2) whether the delay is prejudicial. 577 F.2d at 1027. With respect to the unreasonableness of a delay, the Court first recognized that, "[a]lthough Congress has established by enacting s 4214(c) that delays of over 90 days are unreasonable, the Act is silent about the appropriate remedy when the Parole Commission fails to act within the 90-day period." 577 F.2d at 1028. Based on the legislative history of the Parole Commission and Reorganization Act, the Eleventh Circuit concluded that, "[i]f a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody." *Id*. In Smith, the Court concluded that, because the Commission "promptly gave [petitioner] a hearing after notification of the default," petitioner did not suffer any prejudice from the delay and is not entitled to

---

[10] In Goodman v. Keohane, 663 F.3d 1044, 1046, the Eleventh Circuit rejected petitioner's contention that his revocation hearing held 111 days after he was taken into federal custody violated 18 U.S.C. § 4214(c) and that this unreasonable delay was prejudicial.

8

any further relief. 577 F.2d at 1029. Inasmuch as the record in the case at bar fails to indicate that Rolin's revocation hearing has in fact taken place, this Court cannot either determine the reasonableness of the delay at issue or say at this moment that Rolin has suffered no prejudice by that delay.[11] Consequently, under the very standards acknowledged by the Commission and established by the Eleventh Circuit, Rolin may well be entitled to relief, although only in the form of an order compelling the Parole Commission to hold a revocation hearing. *See e.g.* Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982)("The appropriate remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute," not immediate release). Dismissal of Rolin's § 2241 habeas petition would be premature at this junction.

    B.    <u>Writ of Mandamas</u>.

The Commission acknowledges that "[t]he proper remedy for an incarcerated person who has not had a timely revocation hearing is not a writ of habeas corpus releasing him from custody, but rather a writ of mandamus directing the U.S. Parole Commission to conduct the hearing. Response (Doc. 11) at 5-6., *citing, inter alia,* <u>Penix v. United States Parole Commission</u>, 979 F.2d 386, 390 (5th Cir. 1992) (mandamus action to compel a hearing is parolee's remedy if United States Parole Commission fails to provide hearing to determine whether parole should be continued or terminated). *See*

---

[11] Rolin is presently incarcerated solely in anticipation of a parole revocation and not in conjunction with the underlying "new law violations" that led to his present federal custody. The Commission concedes that "Petitioner in this case is due an institutional revocation hearing which should have been held within 90 days after the June 29 execution of the Commission's warrant [and] that deadline expired September 27, 2010, approximately two months ago." Response (Doc. 11) at 5.

*also*, Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89 (2nd Cir.1986) ("Even assuming dispositional review was untimely, absent prejudice or bad faith on the part of the Commissioner, the appropriate remedy is not writ of habeas corpus, but a writ of mandamus to compel compliance with the statute . . . [and thus] an action in mandamus to compel an employee of the United States to perform his duty." ). Although the Commission fails to acknowledge that Rolin has indeed sought mandamus relief,[12] it plainly concedes that "the only appropriate remedy to which petitioner may be entitled would be *to issue a writ of mandamus directing that the hearing be held*." Response (Doc. 11) at 6 (emphasis added). Consequently, as to this appropriate remedy available to Rolin, the United States Parole Commission is a proper respondent in this case and it is recommended that a writ of mandamus be issued to the Commission directing that a revocation hearing be held within thirty (30) days of the adoption of this recommendation by the District Court.

## CONCLUSION

For the reasons set forth above, it is recommended that the petitioner's motion for immediate release (docs. 1 and 13) be **DENIED** but that petitioner be granted leave to amend his § 2241 habeas petition to name as respondent the warden where he is currently in custody. It is further recommended that the Court reject the Commission's contention

---

[12] In view of the well established law regarding the role of mandamus as the sole remedy for the Commission's failure to conduct the required revocation hearing within 90 days, it is irrelevant that this *pro se* petitioner merely requested such relief in the style of his motion without discussing it further in the text of his petition.

that the petition should be dismissed in its entirety. Finally, it is recommended that a writ of mandamus be issued to the United States Parole Commission directing that a revocation hearing be held within thirty (30) days of the adoption of this recommendation by the District Court.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 8th day of February, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[13] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  8th  day of February, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[13] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).